

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00074-CV

## IN RE VERIZON WIRELESS PERSONAL COMMUNICATIONS, LP

### Original Proceeding

**From the 170th District Court**
**McLennan County, Texas**
**Trial Court No. 2023-368-4**

## MEMORANDUM OPINION

On March 12, 2024, Verizon Wireless Personal Communications, LP filed a petition for a writ of injunction and a motion for temporary injunctive relief in order to preserve this Court's jurisdiction in a related appeal styled *Traxcell Technologies, LLC v. Verizon Wireless Personal Communications, LP*, No. 10-23-00081-CV. On March 20, 2024, this Court issued a temporary injunction prohibiting Traxcell Technologies, LLC from (1) selling, leasing, encumbering, or transferring any ownership interest in any patent or patents covered by the receivership order on appeal in Cause Number 10-23-00081-CV to Traxcell

Technologies II, LLC or to any third party other than the designated receiver and (2) taking any action the effect of which would be to impede the receiver's access to or control over the patents included in the receivership order currently on appeal in Cause Number 10-23-00081-CV. This Court has considered Verizon's Petition for Writ of Injunction, its accompanying record, Traxcell's response, and its accompanying supplemental record, Verizon's reply supporting its petition and its supplemental record, as well as Traxcell's motion to vacate the temporary injunctive relief ordered, Verizon's response to that motion, and Traxcell's reply in support of its motion. We deny Traxcell's motion to vacate the temporary injunctive relief ordered and grant Verizon's petition for writ of injunction.

This proceeding is an installment of an ongoing legal battle between Verizon and Traxcell involving certain patents. Verizon was awarded attorney's fees in a federal court. *See Traxcell Techs., LLC v. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP, 2022 U.S. Dist. LEXIS 237105 (E.D. Tex. Dec. 22, 2022), *aff'd*, 2023 U.S. App. LEXIS 17754 (Fed. Cir. July 13, 2023) (per curiam), *cert. denied*, 2024 U.S. LEXIS 250 (U.S. Jan. 8, 2024). Verizon then filed a petition in a state district court to enforce that federal judgment. The district court appointed a receiver and ordered Traxcell to turn over all its assets, including all patents issued by the United States Patent and Trademark Office. Traxcell filed a notice of appeal in this Court seeking to have that order reversed, our Cause Number 10-23-00081-CV. Thereafter, Traxcell entered into an agreement with an entity named Traxcell Technologies, II purporting to sell its patents to the new entity. Verizon filed its motion

for temporary relief and petition for writ of injunction to protect the subject matter of the receivership during the appeal as well as this Court's jurisdiction.

An appellate court may issue a writ of injunction if necessary to protect the Court's jurisdiction over the subject matter of a pending appeal, or to prevent an unlawful interference with the enforcement of its judgments and decrees. *See* TEX. GOV'T CODE ANN. § 22.221(a); *In re Alamo Defs. Descendants Ass'n*, 619 S.W.3d 363, 367 (Tex. App.—El Paso 2021, orig. proceeding). Thus, we are authorized to protect our jurisdiction by preserving the subject matter of the appeal in order to make our decrees effective. *In re Alamo Defs. Descendants Ass'n*, 619 S.W.3d at 367.

Because the patents are subject to the turnover order, and the receivership and turnover order are the subjects of pending appeal Cause Number 10-23-00081-CV, we grant the petition for writ of injunction to preserve this Court's jurisdiction over the appeal. Therefore, until this Court has determined the appeal pending in Cause Number 10-23-00081-CV, or until otherwise ordered by this Court, Traxcell is enjoined from: (1) selling, leasing, encumbering, or transferring any ownership interest in any patent or patents covered by the receivership order on appeal in Cause Number 10-23-00081-CV to Traxcell Technologies II, LLC or to any third party other than the designated receiver and, (2) taking any action the effect of which would be to impede the receiver's access to or control over the patents included in the receivership order currently on appeal in Cause Number 10-23-00081-CV.

We deny Traxcell's motion to vacate temporary injunctive relief.

PER CURIAM

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Petition granted
Motion denied
Opinion issued and filed October 22, 2024
[OT06]

